QUESTIONS: 1. Does the present leave policy of Leon County provide for the granting of a leave of absence without pay to a full-time employee of said county in order that he may qualify and run for an elective office? 2. If the answer to question 1 is in the negative, must such an employee resign his employment in order to qualify and run for an elective office?
SUMMARY: The present leave policy of Leon County does not provide for granting a leave of absence without pay in order for an employee to qualify and run for elective office. A county employee may, however, qualify and run for elective office without resigning his employment, unless he comes within the scope of the prohibitions in the federal Hatch Act. AS TO QUESTION 1: The Leon County employee leave policy provides that an employee . . . may be granted a leave of absence, without pay, for up to one (1) year, upon recommendation from . . . [the employee's] department head, and with the approval of the County Administrator, for reasons of personal or family illness, completing education, or special work, which will permit the County to profit by the experience gained, or work performed. (Emphasis supplied.) The above-quoted leave policy clearly contemplates the granting of leave without pay only for the reasons listed therein. Inasmuch as qualification and campaigning for office are not among the reasons listed in the leave policy, I am of the view that a grant of leave without pay for those purposes is beyond the scope of the present leave policy. It should be noted, however, that there appears to be no impediment to an amendment of the leave policy which would permit leave for such purposes. Question 1 is answered in the negative. AS TO QUESTION 2: Section 104.31, F.S., which regulates political activities of county and other government employees, specifically provides in subsection (1)(c): The provisions of this section shall not be construed so as to prevent any person from becoming a candidate for and actively campaigning for any elective office in this state. Further, Ch. 74-13, Laws of Florida, which took effect upon becoming a law, amended s. 104.31, F.S., by adding a new subsection (3), which reads: Nothing contained in this section or in any county or municipal charter shall be deemed to prohibit any public employee from expressing his opinions on any candidate or issue or from participating in any political campaign during his off-duty hours so long as such activities are not in conflict with the provisions of subsection (1) of this section or s. 110.092.
It is clear from the foregoing that the state law regulating political activities of public employees does not prohibit a county employee from qualifying and campaigning for elective office. However, it should be noted that certain provisions of the so-called federal Hatch Act, which are found in 5 U.S.C. ss. 1501 and 1502, may have a bearing on this question if the employee's principal employment is in connection with an activity which is financed in whole or in part by loans or grants made by the United States or a federal agency. An employee who comes within the scope of the cited provisions of the Hatch Act, supra, is prohibited, among other things, from becoming a partisan candidate for elective public office. The scope of the Hatch Act prohibition is discussed in detail in United States Civil Service Commission v. National Association of Letter Carriers, 37 L.Ed.2d 796 (1973). Also see AGO 074-46. On the basis of the foregoing, I am of the view that a Leon County employee may, unless he comes within the scope of the federal prohibitions in the Hatch Act, supra, qualify and campaign for elective office without resigning from his employment. The question of whether the employee could continue his employment, if successful in his bid for elective office, was not presented and is not decided.